IN THE CIRCUIT COURT OF LACLEDE COUNTY
STATE OF MISSOURI

BRIAN GIDEON,                          )
                                       )
AND                                    )
                                       )
MATHEW BROWN,                          )
                                       )
         Plaintiffs,                   )
                                       )
                                       )    Cause No.:    **18LA-CC00040**
v.                                     )
                                       )    Division No.:
CITY OF LEBANON, et al.                )
                                       )
                                       )    JURY TRIAL DEMANDED
                                       )
                                       )
Defendants.                            )

## **FIRST AMENDED PETITION**

COME NOW Plaintiffs, by and through counsel, and for their Petition against Defendants

City of Lebanon ("City"), Chief Randy Halstead ("Chief"), Lieutenant Keith Shumate

(Lieutenant") and Chris Heard ("Heard") states as follows.

　　　　1.　　　At all times relevant hereto, Plaintiff, Brian Gideon, is and was a citizen of the

United States above the age of eighteen (18) and residing within Laclede County, State of

Missouri.

　　　　2.　　　At all times relevant hereto, Plaintiff, Mathew Brown, is and was a citizen of the

United States above the age of eighteen (18) and residing within Laclede County, State of

Missouri.

　　　　3.　　　Defendant, the City of Lebanon, ("City"), is and was a municipality, which

operates a Police Department, and is located in Laclede County, State of Missouri.

1



Electronically Filed - Laclede - July 05, 2018 - 10:59 AM

4.     Defendant, Randy Halstead ("Chief"), is and was, at all times relevant hereto, the Chief of Police of the City of Lebanon Police Department ("Department"), and, who, upon information and belief, resides in Laclede County, State of Missouri.

5.     Defendant, Keith Shumate ("Lieutenant"), is and was at all times relevant hereto, a Lieutenant of the City of Lebanon Police Department, and who, upon information and belief, resides in Laclede County, State of Missouri.

6.     Defendant, Chris Heard ("Heard"), was, at all times relevant hereto, the City Administrator.

7.     At all times relevant hereto, the City was acting through its designated supervisory agents, officers, employees and representatives, and elected officials, including the named Defendants, who were acting within the scope and course of their employment and authority with full knowledge that Plaintiffs' well established statutory rights were being violated by its employees and appointed officials.

8.     Jurisdiction in this court is proper pursuant to Mo. Rev. Stat. § 213.070 and Mo. Rev. Stat. § 213.111 and 42 U.S.C. § 2000e-5(f)(3) (See Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820 (1990)).

9.     Venue in this court is proper in that the acts and occurrences giving rise to Plaintiff's cause of action occurred in Laclede County, State of Missouri.

10.     Plaintiffs timely filed Charges of Discrimination with the Missouri Commission on Human Rights ("MCHR") and Equal Employment Opportunity Commission ("EEOC") alleging retaliation for reporting sexual harassment and retaliation for filing Charges of Discrimination with the MCHR and EEOC and thereafter, they were issued Right to Sue Letters.

(See attached Exhibits 1 and 2 which are hereby incorporated fully by reference, as if fully set forth herein).

## COMMON FACTUAL ALLEGATIONS

11.     Plaintiffs do hereby incorporate by reference each and every allegation contained in Paragraphs 1-10, as if fully set forth herein.

12.     Plaintiff Gideon is currently employed as a police officer with the City of Lebanon Police Department ("Department").  Plaintiff is also a K-9 officer for the Department.

13.     Plaintiff Brown is currently employed as a Sergeant with the City of Lebanon Police Department.

14.     In late 2010, Plaintiff Gideon filed a sexual harassment complaint with the Department against a fellow officer, who had grabbed his crotch and bit on the front of his pants at a Department Christmas party.  To his knowledge, his complaint was never investigated by the City, and the offending officer was eventually promoted to Sergeant.

15.     In or around May 16, 2016, Plaintiff Gideon and Plaintiff Brown, as well as another police officer in the Department, made complaints to the Chief regarding the conduct of two officers, Lt. Shumate and a female officer, who they had observed engaging in intimate physical contact while at the station, causing both Plaintiffs and other officers to be uncomfortable at work.

16.     When Human Resources Manager Kathy Milliken contacted Plaintiff Gideon regarding his complaint, she asked if this was his second Sexual Harassment complaint, because she remembered he had filed one in 2010, but she had no record of it.  Ms. Milliken asked Plaintiff Gideon to get a copy of the report from the Chief.  When Plaintiff Gideon asked the

3

Chief for a copy of his 2010 sexual harassment complaint, he told Plaintiff Gideon that was a problem, because he had "thrown out" the report.

17.     After having made these two (2) reports of sexual harassment, Plaintiff Gideon and Plaintiff Mathew Brown were subjected to persistent and severe retaliation by the City, Chief Halstead, Lt. Shumate, and then City Administrator Chris Heard.

18.     Specifically, after Plaintiffs' 2016 complaints, the Chief ordered dispatch to monitor the squad on which Plaintiffs were assigned, and to report back to him on the squad's activities.

19.     Pursuant to this heightened level of scrutiny, a dispatcher contacted the Chief regarding a call which had been dispatched on or about July 17, 2016, and informed him of Plaintiff Gideon's alleged improper actions regarding the call.

20.     As a result of Plaintiff Gideon having used an improper code when in putting the disposition of the aforementioned call, the City assessed discipline against him.  Specifically, Plaintiff Gideon, or around August 12, 2016, was suspended without pay for two (2) days and placed on probationary status for three (3) months, as a result of the clerical mistake he had made when providing a disposition code to dispatch in response to the call that was received on July 17, 2016. There was no mention in the disciplinary action of Plaintiff Gideon having been dishonest when asked for the circumstances surrounding him having put in the wrong code for disposition of the call.  In fact, the disciplinary action simply cited him having used "poor judgment" when entering the code, and not that he had lied.

21.     On or about September 7, 2016, Plaintiff Gideon was informed by City Administrator Chris Heard that the City had notified the Laclede County Prosecutor's office of the disciplinary action taken against him on August 12, 2016, claiming it had a duty to do so

pursuant to the case of <u>Brady v. Maryland</u>, and that the Prosecutor had made a determination that Plaintiff Gideon's code entry was "deceptive" and therefore his office would have a duty to disclose this information to any defendant who is being prosecuted as a result of Plaintiff Gideon having investigated their case.

22.     Plaintiff Gideon was further told by then City Administrator Heard that this information could be used to impeach his credibility on any current or future cases.  As a result of this decision by the Prosecutor, the Chief placed Plaintiff Gideon on "reserve Brady status", and his job duties were limited.  Plaintiff Gideon later learned that the City had not provided the Prosecutor with all of the information necessary for a thorough investigation, and the Prosecutor informed Plaintiff Gideon that he believed the City Administration had been deceitful with the information he had initially provided for his review.

23.     On or about September 8, 2016, Chief Halstead informed a Sergeant employed with the Missouri State Highway Patrol that Plaintiff Gideon was "caught lying" regarding the call that occurred on July 17, 2016, and that he and the Prosecutor had recommended Plaintiff Gideon be terminated as a result.

24.     Chief Halstead also informed this officer that he had to, "by law", contact the Prosecutor regarding the disciplinary action taken against Plaintiff Gideon on August 12, 2016, and that the Prosecutor is then required to let any defense attorney who had a court case with Plaintiff Gideon acting as a prosecution witness know of the discipline, per the Brady case.  The Chief went on to tell the Missouri State Highway Patrol Sergeant that Plaintiff Gideon was a useless officer, and not to call Plaintiff Gideon to assist with K-9 searches, because his testimony would be useless.

25.     On or about March 9, 2017, Plaintiff Gideon learned from Lieutenant Keith Shumate that he and Chief Halstead had met with the Missouri Highway Patrol, and stated that Plaintiff Gideon was a "liar" and could not be trusted, and not to contact Plaintiff Gideon for any K-9 calls.

26.     When Plaintiff Gideon asked Lt. Shumate for clarification as to what he meant by his statements he said, "you have a Brady file." A few minutes later Lt. Shumate called Plaintiff Gideon and stated that the information he had given Plaintiff Gideon wasn't correct, and that the Chief had just ordered him to contact the Missouri State Highway Patrol to establish a K-9 call out log and a training schedule for Plaintiff Gideon.

27.     Since Plaintiff Gideon made his two (2) complaints of sexual harassment, he has also been denied a significant amount of overtime and has been denied the Officer II designation, which would have included a pay raise.

28.     Plaintiff Gideon has also been subject to disparate treatment since making the two (2) complaints of sexual harassment. Specifically, on April 25, 2017, he was transferred to a different shift, with the Chief indicating to his supervisor that the shift transfer was permanent, while other transfers issued by the Chief for other officers were temporary. The Chief's purported reason for making Plaintiff Gideon's shift transfer permanent was because Squad D lacked a Crime Scene Investigator. However, Plaintiff Brown, the supervisor for Squad D, is a certified Crime Scene Investigator.

29.     On or about May 1, 2017, Sergeant Don Hall, who is close with the Chief, instructed a newly hired officer on Plaintiff Gideon's new shift not to communicate with him because he is a "liar" and cannot be trusted, and that if he is dispatched on a call with Plaintiff Gideon, that he should "go the other way."

6

Electronically Filed - Laclede - July 05, 2018 - 10:59 AM

30.     On or about May 17, 2017, Plaintiff Gideon filed a Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission, alleging the foregoing.  Since the filing, Plaintiff Gideon has been subjected to additional acts of retaliation.

31.     Specifically, Plaintiff Gideon was informed by a supervisor that the Chief stated he wanted to terminate Plaintiff Gideon's employment, but the previous City Manager, Defendant Chris Heard would not give him permission to do so, and he has now been terminated, Chief Halstead can now move forward with terminating Plaintiff Gideon's employment.

32.     Plaintiff has also been informed by an employee in the IT Department that the Chief has been scrutinizing more heavily everything Plaintiff Gideon has been doing, including wanting to make sure the tracker in his car was working.

33.     During a week long training seminar in July of 2017, which took place off site, the officers, including Plaintiff Gideon, would first stop at the police station, and then drive to the training location.

34.     On the last day of training, Plaintiff Gideon did not go to the police station first, as he rode with another officer who had to deal with a family issue before driving to training. While in the training, one of the officers received a phone call from the Chief's secretary, who asked her if Plaintiff Gideon was in the training.  The officer was told that they had pulled the video from the police station that morning, and noticed that Plaintiff Gideon had not come to the police station, and so they assumed he had not come to the training.  Notably, there was no requirement that any of the officers report to the police station before attending the training.

35.     The week after the training, Plaintiff Gideon was written up at the direction of the Chief for not having dressed appropriately during the training session.  Plaintiff Gideon and all

of the officers had been directed after the first day of training that we could dress more casually, because of the heat. As a result, for the remainder of the training, Plaintiff Gideon wore khaki shorts, a polo shirt, tucked in, and a belt. The Chief, having pulled the video from the entire week of the training, had noticed that Plaintiff Gideon was wearing this attire, and directed his supervisor to write him up, claiming that he was not dressed appropriately. Plaintiff Gideon was later informed by his Lieutenant that the write up was going to be removed from his file and was going to be considered a "talking to" instead of a signed verbal counseling.

36.    In July of 2017, Plaintiff Gideon learned from another employee that grievances he had filed against Chief Halstead, including the investigative file, were available on the City's "L" drive, under a folder entitled "Files to be Reviewed," and had been read by other employees.

37.    Plaintiff Brown was also subjected to retaliation after he made his report of sexual harassment, specifically, he received a poor performance evaluation, which caused him to be placed on probation. While the poor performance evaluation was ultimately overturned by the City Administrator Heard, during the process of Plaintiff Brown's discussions with him regarding the evaluation, he did accuse Plaintiff Brown of lying regarding another matter currently being grieved by another officer on his squad.

38.    Chief Halstead also ordered Dispatch to keep constant watch on Plaintiff Brown's squad, which caused him undue stress and anxiety.

39.    On or about May 17, 2017, Plaintiff Brown filed a Charge of Discrimination with the Missouri Commission on Human Rights and Equal Employment Opportunity Commission, alleging the foregoing.

40.    After filing the Charge of Discrimination, Plaintiff Brown was also subjected to retaliation. Specifically, he also was given a verbal counseling for allegedly wearing

inappropriate attire to the same training seminar as Plaintiff Gideon which took place from July 10, 2017 through July 14, 2017.

## COUNT I-RETALIATION FOR REPORTING SEXUAL HARASSMENT IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

41.     Plaintiffs do hereby incorporate by reference each and every allegation contained in Paragraphs 1-40, as if fully set forth herein.

42.     All aforementioned actions against Plaintiffs, by order or under the authority of Defendant City's employees and supervisors, herein mentioned, qualify as adverse employment actions taken in violation of the MHRA.  The aforementioned adverse employment actions taken against Plaintiffs were part of a pattern, practice, and policy of all Defendants.

43.     Defendants' alleged reasons given for the adverse employment actions taken against Plaintiffs are pretextual, given the proximity of the adverse employment actions, and Plaintiffs' reporting of sexual harassment.

44.     Defendants' conduct was initiated intentionally, knowingly, maliciously, in willful and wanton disregard and reckless indifference to Plaintiffs' rights in violation of the MHRA.

45.     As a direct result of Defendants' unlawful acts, as aforesaid, in violation of the MHRA, Plaintiff Gideon has lost wages, damage to his reputation, and suffered emotional distress.

46.     As a direct result of Defendants' unlawful acts, as aforesaid, in violation of the MHRA, Plaintiff Brown has suffered damage to his reputation, and emotional distress.

47.     Plaintiffs' reporting of discrimination was a contributing and/or motivating factor in Defendants' decision to take the aforementioned adverse employment actions.

9

Electronically Filed - Laclede - July 05, 2018 - 10:59 AM

WHEREFORE, Plaintiffs respectfully requests the Court to enter judgment in their favor, above the $25,000.00 jurisdictional requirement of this Court, against Defendants City of Lebanon, Chief Randy Halstead, Lieutenant Keith Shumate, and Chris Heard as follows:

1. Award Plaintiff Gideon actual damages including back-pay, front-pay, compensatory damages for Defendants' violations of the Missouri Human Rights Act, including an amount equal to her lost wages and other benefits of employment, with interest, and any medical or other expenses incurred as a result of his loss of these benefits;

2. Award Plaintiff Gideon damages for emotional distress;

3. Award Plaintiff Brown damages for emotional distress;

4. Award Plaintiff Gideon punitive damages, up to and including $250,000.00, for Defendants' intentional and malicious violation of Plaintiff's rights;

5. Award Plaintiff Brown punitive damages, up to and including $250,000.00, for Defendants' intentional and malicious violation of Plaintiff's rights;

6. Award Plaintiffs' reasonable attorney's fees and costs incurred herein;

7. Grant Plaintiffs such other and further legal relief as the Court deems just and proper under the facts and circumstances of this case.

## COUNT II-RETALIATION FOR FILING CHARGES OF DISCRIMINATION WITH THE MISSOURI COMMISSION ON HUMAN RIGHTS

48. Plaintiffs do hereby incorporate by reference each and every allegation contained in Paragraphs 1-47, as if fully set forth herein.

49. Plaintiffs each filed Charges of Discrimination with the Missouri Commission on Human Rights, alleging retaliation for filing reports of sexual harassment, in violation of the Missouri Human Rights Act.

50.     After their filing of Charges of Discrimination, each Plaintiff was subjected to retaliation by Defendants, in the form of the aforementioned adverse employment actions, in violation of the Missouri Human Rights Act.

51.     Defendants' alleged reasons for the aforementioned adverse employment actions were pretextual, given the temporal proximity of the adverse employment actions, and Plaintiffs' filing of Charges of Discrimination with the Missouri Commission on Human Rights.

52.     The aforementioned employment actions taken by Defendants' against Plaintiffs, were initiated intentionally, knowingly, maliciously, and in willful and wanton disregard and reckless indifference to Plaintiffs' rights all in violation of the Missouri Human Rights Act.

53.     As a result of Defendants' unlawful acts, in violation of the Missouri Human Rights Act, as aforesaid, Plaintiff Gideon has suffered severe emotional distress, humiliation, and loss of self esteem, and loss of reputation.

54.     As a result of Defendants' actions, Plaintiff Gideon has suffered lost wages.

55.     As a result of Defendants' unlawful acts, in violation of the Missouri Human Rights Act, as aforesaid, Plaintiff Brown has suffered severe emotional distress, humiliation, and loss of self esteem, and loss of reputation.

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment in their favor, above the $25,000.00 jurisdictional requirement of this Court, against Defendants City of Lebanon, Chief Randy Halstead, Lieutenant Keith Shumate, and Chris Heard as follows:

1.     Award Plaintiff Gideon actual damages including back-pay, front-pay, compensatory damages for Defendants' violations of the Missouri Human Rights Act, including an amount equal to his lost wages and other benefits of

11

employment, with interest, and any medical or other expenses incurred as a result of his loss of these benefits;

2. Award Plaintiff Gideon damages for emotional distress;

3. Award Plaintiff Brown damages for emotional distress;

4. Award Plaintiff Gideon punitive damages, up to and including $250,000.00, for Defendants' intentional and malicious violation of Plaintiff's rights;

5. Award Plaintiff Brown punitive damages, up to and including $250,000.00, for Defendants' intentional and malicious violation of Plaintiff's rights;

6. Award Plaintiffs' reasonable attorney's fees and costs incurred herein;

7. Grant Plaintiffs such other and further legal relief as the Court deems just and proper under the facts and circumstances of this case.

## COUNT III
## RETALIATION FOR REPORTING ACTS OF SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

56. Plaintiff does hereby incorporate by reference each and every allegation contained in Paragraphs 1-55, as if fully set forth herein.

57. All of the aforementioned actions taken against Plaintiffs constitute adverse employment actions in violation of Title VII, and were taken against Plaintiffs in retaliation for their reporting of sexual harassment.

58. Defendants' alleged reasons for the aforementioned adverse employment actions were pretextual, given the temporal proximity of the adverse employment actions, and Plaintiffs' reporting acts of sexual harassment.

12

Electronically Filed - Laclede - July 05, 2018 - 10:59 AM

59. The aforementioned employment actions taken by Defendants against Plaintiffs, were initiated intentionally, knowingly, maliciously, and in willful and wanton disregard and reckless indifference to Plaintiffs' rights all in violation of Title VII.

60. As a result of Defendants' unlawful acts, in violation of Title VII, as aforesaid, Plaintiff Gideon has suffered severe emotional distress, humiliation, and loss of self-esteem, and loss of reputation.

61. As a result of Defendants' actions, Plaintiff Gideon has suffered lost wages.

62. As a result of Defendants' unlawful acts, in violation of Title VII, as aforesaid, Plaintiff Brown has suffered severe emotional distress, humiliation, and loss of self esteem, and loss of reputation.

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment in their favor, above the jurisdictional requirement of this Court, against Defendants City of Lebanon, Chief Randy Halstead, Lieutenant Keith Shumate, and Chris Heard as follows:

1. Award Plaintiff Gideon actual damages including back-pay, front-pay, compensatory damages for Defendants' violations of Title VII, including an amount equal to his lost wages and other benefits of employment, with interest, and any medical or other expenses incurred as a result of his loss of these benefits;

2. Award Plaintiff Gideon damages for emotional distress;

3. Award Plaintiff Brown damages for emotional distress;

4. Award Plaintiff Gideon punitive damages, up to and including $250,000.00, for Defendants' intentional and malicious violation of Plaintiff's rights;

5.     Award Plaintiff Brown punitive damages, up to and including $250,000.00, for

Defendants' intentional and malicious violation of Plaintiff's rights;

6.     Award Plaintiffs' reasonable attorney's fees and costs incurred herein;

7.     Grant Plaintiffs such other and further legal relief as the Court deems just and

proper under the facts and circumstances of this case.

## COUNT IV-RETALIATION FOR FILING CHARGE OF DISCRIMINATION WITH THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

63.     Plaintiffs do hereby incorporate by reference each and every allegation contained

in Paragraphs 1-62, as if fully set forth herein.

64.     Plaintiffs filed Charges of Discrimination with the Equal Employment

Opportunity Commission, alleging retaliation for reporting sexual harassment, in violation of

Title VII.

65.     After their filing of Charge of Discrimination, each Plaintiff was subjected to

retaliation by Defendants, in the form of the aforementioned adverse employment actions, in

violation of Title VII.

66.     Defendants' alleged reasons for the aforementioned adverse employment actions

were pretextual, given the temporal proximity of the adverse employment actions, and Plaintiffs'

filing of Charges of Discrimination with the Equal Employment Opportunity Commission.

67.     The aforementioned employment actions taken by Defendants against Plaintiffs,

were initiated intentionally, knowingly, maliciously, and in willful and wanton disregard and

reckless indifference to Plaintiffs' rights all in violation of Title VII.

14

68.     As a result of Defendants' unlawful acts, in violation of Title VII, as aforesaid, Plaintiff Gideon has suffered severe emotional distress, humiliation, and loss of self-esteem, and loss of reputation.

69.     As a result of Defendants' actions, Plaintiff Gideon has suffered lost wages.

70.     As a result of Defendants' unlawful acts, in violation of Title VII, as aforesaid, Plaintiff Brown has suffered severe emotional distress, humiliation, and loss of self-esteem, and loss of reputation.

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment in their favor, above the jurisdictional requirement of this Court, against Defendants City of Lebanon, Chief Randy Halstead, Lieutenant Keith Shumate, and Chris Heard as follows:

1.     Award Plaintiff Gideon actual damages including back-pay, front-pay, compensatory damages for Defendants' violations of Title VII, including an amount equal to his lost wages and other benefits of employment, with interest, and any medical or other expenses incurred as a result of his loss of these benefits;

2.     Award Plaintiff Gideon damages for emotional distress;

3.     Award Plaintiff Brown damages for emotional distress;

4.     Award Plaintiff Gideon punitive damages, up to and including $250,000.00, for Defendants' intentional and malicious violation of Plaintiff's rights;

5.     Award Plaintiff Brown punitive damages, up to and including $250,000.00, for Defendants' intentional and malicious violation of Plaintiff's rights;

6.     Award Plaintiffs' reasonable attorney's fees and costs incurred herein;

7.     Grant Plaintiffs such other and further legal relief as the Court deems just and

proper under the facts and circumstances of this case.

                              Respectfully Submitted,

                              LAW OFFICES OF RICK BARRY, P.C.

By:      /s/ Rick Barry
         RICK BARRY, MBE # 25592
         MEGEN I. HOFFMAN, MBE#58772
         Attorneys for Plaintiffs
         1034 S. Brentwood Blvd., Suite 1301
         St. Louis, MO 63117
         Phone: (314)918-8900
         Fax: (314)918-8901
         rickbarry@rickbarrypc.com
         megens@rickbarrypc.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the First Amended Petition was served, via the Court's electronic filing system, this 5th day of July, 2018 to:

Jennifer A. Mueller
Baird Lightner Millsap, P.C.
1901-C S. Ventura Avenue
Springfield, MO 65804
Attorney for Defendants

                              /s/ Rick Barry

Electronically Filed - Laclede - July 05, 2018 - 10:59 AM

Electronically Filed - Laclede - July 05, 2018 - 10:59 AM



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

ERIC R. GREITENS
GOVERNOR

ANNA S. HUI
DEPARTMENT DIRECTOR

Mike Dierkes
Acting COMMISSION CHAIR

ALISA WARREN, Ph.D.
EXECUTIVE DIRECTOR

February 7, 2018

Matthew Brown
22535 Green Gables Ln.
Lebanon, MO 65536

E-5/17-48078
Administrative Law Records

RE: Brown vs. City of Lebanon et al
E-5/17-48078    28E-2017-01014

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days after filing of the complaint. This complaint was being initially processed by the EEOC and MCHR has not been notified of their determination. Please note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed.

(continued on next page)

> EXHIBIT
> 1

☐
3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7738

☐
P.O. BOX 1300
OZARK, MO 65721-1300
FAX: 417-485-6024

☒
1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

☐
106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

RE: Brown vs. City of Lebanon et al
E-5/17-48078    28E-2017-01014

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court. Any such petition must be filed in the circuit court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

City of Lebanon
Randy Halstead; Keith Shumate; Chris Heard
401 S. Jefferson Ave.
Lebanon, MO 65536

Rick Berry
1034 S. Brentwood Blvd., Suite 1301
St. Louis, MO 63117
*Via email*

3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

P.O. BOX 1300
OZARK, MO 65721-1300
FAX: 417-485-5024

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-6454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights        E-Mail: mchr@labor.mo.gov

Electronically Filed - Laclede - July 05, 2018 - 10:59 AM



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| ERIC R. GREITENS | ANNA S. HUI | Mike Dierkes | ALISA WARREN, Ph.D. |
| GOVERNOR | DEPARTMENT DIRECTOR | Acting COMMISSION CHAIR | EXECUTIVE DIRECTOR |

February 22, 2018

Brian Gideon
1417 Dickens
Lebanon, MO 65536

RE:  Gideon vs. City of Lebanon et al
     FE-8/17-27989    560-2017-01885

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days after filing of the complaint. This complaint was being initially processed by the EEOC and MCHR has not been notified of their determination. Please note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed.

(continued on next page)

| ☐ | ☐ | ☐ | ☒ | ☐ |
| 3315 W. Truman Blvd. | 111 N. 7th Street, Suite 903 | P.O. Box 1300 | 1410 Genessee, Suite 260 | 106 Arthur Street |
| P.O. Box 1129 | St. Louis, MO 63101-2100 | Ozark, MO 65721-1300 | Kansas City, MO 64102 | Suite D |
| Jefferson City, MO 65102-1129 | Phone: 314-340-7590 | Fax: 417-485-6024 | Fax: 816-889-3582 | Skeston, MO 63801-5454 |
| Phone: 573-751-3325 | Fax: 314-340-7238 | | | Fax: 573-472-5321 |
| Fax: 573-751-2905 | | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities*
TDD/TTY:  1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights        E-Mail: mchr@labor.mo.gov

RE:   Gideon vs. City of Lebanon et al
FE-8/17-27989     560-2017-01885

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court.  Any such petition must be filed in the circuit court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director


City of Lebanon
Randy Halstead; Keith Shumate; Chris Heard
401 S. Jefferson Ave.
Lebanon, MO  65536


Rick Barry; Megen I. Hoffman
1034 South Brentwood Blvd., Suite 1301
St. Louis, MO 63117
*Via email*

| 3315 W. Truman Blvd. | 111 N. 7th Street, Suite 903 | P.O. Box 1300 | 1410 Genessee, Suite 260 | 106 Arthur Street |
| P.O. Box 1129 | St. Louis, MO 63101-2100 | Ozark, MO 65721-1300 | Kansas City, MO 64102 | Suite D |
| Jefferson City, MO 65102-1129 | Phone: 314-340-7590 | Fax: 417-485-6024 | Fax: 816-889-3582 | Sikeston, MO 63801-5454 |
| Phone: 573-751-3325 | Fax: 314-340-7238 | | | Fax: 573-472-5321 |
| Fax: 573-751-2905 | | | | |

Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights        E-Mail: mchr@labor.mo.gov

Electronically Filed - Laclede - July 05, 2018 - 10:59 AM



U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7016 2140 0000 5582 1064

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

May 09, 2018

Mr. Brian Gideon
c/o Rick Barry, Esquire
Law Offices of Rick Barry
1034 S. Brentwood Blvd.
Suite 1301
St. Louis, MO 63117

Re: EEOC Charge Against City of Lebanon , et al.
    No. 28E201701013

Dear Mr. Gideon:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC St. Louis District Office, St Louis, MO.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                    Sincerely,

                    John M. Gore
                    Acting Assistant Attorney General
                    Civil Rights Division

            by   *Karen L. Ferguson*
                    Karen L. Ferguson
                    Supervisory Civil Rights Analyst
                    Employment Litigation Section

cc: St. Louis District Office, EEOC
    City of Lebanon



EXHIBIT
2



U.S. Department of Justice
Civil Rights Division

CERTIFIED MAIL
7016 2140 0000 5582 1064

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

May 09, 2018

Mr. Brian Gideon
c/o Rick Barry, Esquire
Law Offices of Rick Barry
1034 S. Brentwood Blvd.
Suite 1301
St. Louis, MO 63117

Re: EEOC Charge Against City of Lebanon, et al.
    No. 560201701885

Dear Mr. Gideon:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC St. Louis District Office, St Louis, MO.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                Sincerely,

                John M. Gore
           Acting Assistant Attorney General
              Civil Rights Division

       by *Karen L. Ferguson*

              Karen L. Ferguson
          Supervisory Civil Rights Analyst
          Employment Litigation Section

cc: St. Louis District Office, EEOC
    City of Lebanon

Electronically Filed - Laclede - July 05, 2018 - 10:59 AM

Electronically Filed - Laclede - July 05, 2018 - 10:59 AM



U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7016 2140 0000 5582 1057

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

May 09, 2018

Mr. Mathew Brown
c/o Rick Barry, Esquire
Law Offices of Rick Barry
1034 S. Brentwood Blvd.
Suite 1301
St. Louis, MO  63117

Re: EEOC Charge Against City of Lebanon, et al.
      No. 28E201701014

Dear Mr. Brown:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC St. Louis District Office, St Louis, MO.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

John M. Gore
Acting Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: St. Louis District Office, EEOC
    City of Lebanon, et al.

 **Your Missouri Courts**  .net

Search for Cases by: [Select Search Method...          ▼]

Judicial Links | eFiling | Help | Contact Us | Print                         Logon

| 18LA-CC00040 - BRIAN GIDEON ET AL V CITY OF LEBANON ET AL (E-CASE) |
|---|

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ◉ Descending ○ Ascending          Display Options: [All Entries          ▼]

---

**07/17/2018**    **Amended Motion/Petition Filed**
          **Filed By:** KENNETH PAUL REYNOLDS

          **Motion Hearing Held**
          CASE CALLED BY JUDGE RICHARDSON. ATTORNEY GOLD APPEARS FOR PLAINTIFF. ATTORNEY
          MUELLER APPEARS FOR DEFENDANTS. PLAINTIFF MOTION FOR LEAVE TO FILE AMENDED
          PETITION SUSTAINED. SAME SHOWN FILED TODAY. DEFENDANT GIVEN 60 DAYS TO ANSWER.
          PR/bh
              **Scheduled For:** 07/17/2018;  9:00 AM ;  PEGGY D RICHARDSON;  Laclede

**07/16/2018**    **Entry of Appearance Filed**
          Entry of Appearance; Electronic Filing Certificate of Service.
              **Filed By:** KENNETH PAUL REYNOLDS
              **On Behalf Of:** BRIAN GIDEON, MATHEW BROWN

**07/09/2018**    **Motion Hearing Scheduled**
          MOTION FOR LEAVE TO FILED AMENDED PETITION
              **Associated Entries:** 07/17/2018 - Motion Hearing Held  ⊞
              **Scheduled For:** 07/17/2018;  9:00 AM ;  PEGGY D RICHARDSON;  Laclede

          **Notice of Hearing Filed**
          Plaintiffs Notice of Hearing.
              **Filed By:** RICHARD ANDREW BARRY III

**07/05/2018**    **Other Proposed Document Filed**
          Plaintiffs Proposed First Amended Petition.
              **Filed By:** RICHARD ANDREW BARRY III

          **Motion Filed**
          Plaintiffs Unopposed Motion for Leave to File First Amended Petition.
              **Filed By:** RICHARD ANDREW BARRY III

**04/11/2018**    **Summons Issued-Circuit**
          Document ID: 18-SMCC-492, for HEARD, CHRIS. SUMMONS ATTACHED IN PDF FORM FOR
          ATTORNEY TO RETRIEVE FROM SECURE CASE NET AND ATTACH COPY OF PETITION FOR
          SERVICE BY SHERIFF

          **Summons Issued-Circuit**
          Document ID: 18-SMCC-491, for SHUMATE, KEITH. SUMMONS ATTACHED IN PDF FORM FOR
          ATTORNEY TO RETRIEVE FROM SECURE CASE NET AND ATTACH COPY OF PETITION FOR
          SERVICE BY SHERIFF

          **Summons Issued-Circuit**
          Document ID: 18-SMCC-490, for HALSTEAD, RANDY. SUMMONS ATTACHED IN PDF FORM FOR
          ATTORNEY TO RETRIEVE FROM SECURE CASE NET AND ATTACH COPY OF PETITION FOR
          SERVICE BY SHERIFF

          **Summons Issued-Circuit**

https://www.courts.mo.gov/casenet/cases/searchDockets.do                         8/6/2018

Document ID: 18-SMCC-489, for CITY OF LEBANON. SUMMONS ATTACHED IN PDF FORM FOR
ATTORNEY TO RETRIEVE FROM SECURE CASE NET AND ATTACH COPY OF PETITION FOR
SERVICE BY SHERIFF

**Filing Info Sheet eFiling**
    **Filed By:** RICHARD ANDREW BARRY III

**Pet Filed in Circuit Ct**
Petition.
    **Filed By:** RICHARD ANDREW BARRY III
    **On Behalf Of:** BRIAN GIDEON, MATHEW BROWN

 **Your Missouri Courts** .net

Search for Cases by: [Select Search Method... ▾]

Judicial Links | eFiling | Help | Contact Us | Print     Logon

### 18LA-CC00040 - BRIAN GIDEON ET AL V CITY OF LEBANON ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**GIDEON , BRIAN , Plaintiff**
1034 SOUTH BRENTWOOD
BLVD., SU
ST. LOUIS, MO 63117

represented by

**BARRY , RICHARD ANDREW III , Attorney for Plaintiff**
STE 295
1750 S BRENTWOOD BLVD
ST LOUIS, MO 63144

**Year of Birth:** 1982

**BROWN , MATHEW , Plaintiff**
1034 SOUTH BRENTWOOD
BLVD., SU
ST. LOUIS, MO 63117

represented by

**BARRY , RICHARD ANDREW III , Attorney for Plaintiff**
STE 295
1750 S BRENTWOOD BLVD
ST LOUIS, MO 63144

**Year of Birth:** 1978

**CITY OF LEBANON , Defendant**
401 S. JEFFERSON AVE
LEBANON, MO 65536

**HALSTEAD , RANDY ,
Defendant**
401 S. JEFFERSON AVE
LEBANON, MO 65536

**SHUMATE , KEITH , Defendant**
401 S. JEFFERSON AVE
LEBANON, MO 65536

**HEARD , CHRIS , Defendant**
401 S. JEFFERSON AVE
LEBANON, MO 65536

### ADDITIONAL ATTORNEYS

**REYNOLDS , KENNETH PAUL , Attorney for Plaintiff**
1548 EAST PRIMROSE
SPRINGFIELD, MO 65804
**Business:** (417) 883-7800

**Jennifer Mueller**

| | |
|---|---|
| **From:** | Megen Hoffman <megens@rickbarrypc.com> |
| **Sent:** | Monday, July 9, 2018 2:11 PM |
| **To:** | Jennifer Mueller |
| **Subject:** | Re: Gideon, et al v. City of Lebanon, et al (Notice of Hearing) |
| **Attachments:** | FirstAmendedPetitionPDF.pdf |

Agreed. Please see attached.

Best,
MIH

Megen I. Hoffman
Attorney at Law
Law Offices of Rick Barry, P.C.
1034 South Brentwood Blvd., Suite 1301
St. Louis, MO 63117
Phone: 314-918-8900
Fax:  314-918-8901
megens@rickbarrypc.com

NOTICE
This e-mail may contain confidential and privileged material, attorney work product, or information exempt from disclosure under applicable law and is for the sole use of the intended recipient.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by phone at (314) 918-8900 and delete all copies.

**From:** Jennifer Mueller <jmueller@blmlawyers.com>
**Sent:** Monday, July 9, 2018 2:06:55 PM
**To:** Megen Hoffman
**Subject:** RE: Gideon, et al v. City of Lebanon, et al (Notice of Hearing)

That surprises me and is unfortunate.  Can you send me a copy of the first amended petition?  Thanks.

**From:** Megen Hoffman <megens@rickbarrypc.com>
**Sent:** Monday, July 9, 2018 2:05 PM
**To:** Jennifer Mueller <jmueller@blmlawyers.com>
**Subject:** Gideon, et al v. City of Lebanon, et al (Notice of Hearing)

Jennifer,

Please see attached Notice of Hearing.  The clerk indicated the Motion had to be noticed up.

1

Thanks
MIH


Megen I. Hoffman
Attorney at Law
Law Offices of Rick Barry, P.C.
1034 South Brentwood Blvd., Suite 1301
St. Louis, MO 63117
Phone: 314-918-8900
Fax:  314-918-8901
megens@rickbarrypc.com


NOTICE
This e-mail may contain confidential and privileged material, attorney work product, or information exempt from disclosure under applicable law and is for the sole use of the intended recipient.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by phone at (314) 918-8900 and delete all copies.